**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Cr. No. 15-73** |
| **v.** | ) | **Cr. No. 16-133** |
| | ) | |
| | ) | |
| **RYAN ANDREW GUSTAFSON** | ) | |
| | ) | **Chief Judge Hornak** |
| **Defendant** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM[1]**

Ryan Andrew Gustafson, age 31, is scheduled to be sentenced by this court on July 23, 2019. Mr. Gustafson entered a change of plea on or about March 21, 2019 pursuant to an agreement in which he would receive a term of imprisonment of 74 months. On the scheduled sentencing date, Mr. Gustafson will have been detained overall for approximately 56 months, beginning in December 2014. He has been detained for forty-four of those months in the United States under the federal Bail Reform Act, which time has not been credited toward another sentence, and is subject to the credit for prior custody under 18 U.S.C. §3585(b). The parties agreed, in consideration of the 74 month term, that Mr. Gustafson would not seek to obtain credit for time served in Ugandan custody during late 2014 and 2015, before he was transported to the United States, and that "no other enhancements, departures or variances are applicable or appropriate", Plea Agreement, ¶C(11), p.7.

---

[1] The following materials are submitted in support of Mr. Gustafson:
Ex. A: Undated letter from Leroy Gustafson, father of Ryan Gustafson;
Ex. B: May 6, 2019 letter from Gabriela Gustafson, wife of Ryan Gustafson;
Ex. C: Family Photographs, undated;
Ex. D-1: Letter with Enclosures dated October 24, 2017 from Blackstone Career Institute, Allentown, Pennsylvania, enclosing Certificate of Legal Assistant/Paralegal with distinction, and transcript (reflecting 97.41% average)
Ex. D-2: Letter with enclosures dated March 20, 2018 from Blackstone Career Institute, enclosing Certificate in Criminal Law and Criminal Law transcript (reflecting 97.5% average);
Ex. D-3: February 9, 2019; Gospel Echoes Team Correspondence School, Mt. Hope, Ohio; Bible Studies Basic Course
Ex. D-4. Nations University Transcript, dated June 5, 2019, reflecting a 97%;
Ex. E: Photographs of Luzira Prison, Kampala, Uganda;
Ex. F: Quick Facts: Counterfeiting Offenses, United States Sentencing Commission

The Pre-sentence Investigation Report found that Mr. Gustafson's recommended sentencing range would have been 108-135 months, which recommendation is consistent with the plea agreement's stipulations.   The Rule 11(c)(1)(C) sentence, while beneath the recommended guideline range, is sufficient, but not greater than necessary, to meet the purposes of sentencing under 18 U.S.C. §3553(a).

Following Booker v. United States, 543 U.S. 220 (2005), district courts were free to impose criminal sentences that "varied" from the guidelines, provided that the sentence imposed was "reasonable" in light of the purposes of sentencing that Congress identified in 18 U.S.C. §3553(a). See United States v. Gunter, 462 F.3d 237, 243-44, 2006 U.S. App. LEXIS 23143 (3d Cir. 2006) ("Gunter I").   Under §3553(a), a district court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant" in order to arrive at a sentence that is "sufficient, but not greater than necessary", to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §3553(a)(1)-(2). The court is also required to consider (but after Booker is not bound by) the United States Sentencing Guidelines and policy statements issued by the United States Sentencing Commission, §3553(a)(4)-(5), as well as the needs to avoid unwarranted sentence disparities among similarly situated defendants, and to provide restitution to victims of the offense, §3553(a)(6)-(7).

In Gunter I, supra, the Court of Appeals directed District Courts to calculate the guidelines sentence as they would have prior to Booker, including ruling on any guidelines-authorized grounds for departure. Once the guidelines recommendation is identified, a district Court is required to exercise discretion by evaluating the §3553(a) factors to set a "sufficient, but not greater than

necessary" sentence under them. A district court has wide latitude to weigh the §3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence, United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

In Gall v. United States, 552 U.S. 38, 46 (2007), the Supreme Court confirmed that courts of appeals must review departures from the Guidelines according to a *de novo* standard, making it "pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions" Gall, supra, *citing* Booker, 543 U.S., at 260-262.  It rejected proposals to glaze Booker's "abuse of discretion" review with an "extraordinary circumstances" requirement before a variance could be granted, or to require a "mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence", id at 46.

The 74-month stipulated sentence is consistent with the purposes of sentencing under 18 U.S.C. §3553(a).   At age 31, Mr. Gustafson remains relatively young.   His biography reveals an upbringing and a young adult life easily characterized as anything but ordinary, PSIR ¶45.   These extraordinary life experiences, involving world travel at a very young age, along with:

- a well-grounded religious faith, ¶¶45, 51;

- close, ties to family members both in the United States and overseas, ¶¶45, 46, which have endured notwithstanding prolonged separation;

- what appears to be innate intelligence, ¶¶53, 55, and;

- an extraordinary level of initiative that has led Mr. Gustafson to earn paralegal certificates and to begin work towards a bachelor's degree in religious studies, all while being detained, ¶53;

reveal that Ryan has the capacity not just to be productive member of society, but to be an instrument for positive good in the world.  As his own "first step" towards positive good, he seeks to bring his wife and daughter to the United States, as promptly as possible so the three of them can

be reunited as a family, and can share in American prosperity when he finishes his sentence and returns to the workforce.  In addition, the plea agreement, which was entered while a decision on certain pretrial motions was pending, reflects acceptance of responsibility and an appropriate level of remorse, thereby permitting the parties to avoid full litigation of trial and pretrial issues, and thus "permitt[ed] the court and the government to allocate its resources efficiently, U.S.S.G. §3E1.1(b). Because the parties recognized mutual interest in reaching agreement, prolonged pretrial and trial proceedings were avoided.

It is acknowledged that the stipulated sentence falls beneath the recommended range as calculated under the Sentencing Guidelines.  Insofar as the §3553(a) factors amply support the agreed-upon sentence, the discrepancy between the range and the sentence should not give this Court pause.  A 74-month term is harsh by any standards for a non-violent offense that, practically speaking, is a defendant's first *serious* offense.   Its harshness serves to deter similar offenses, and it has already inculcated in Mr. Gustafson important lessons concerning compliance with the criminal laws.  As such, it has deterred him specifically, it protects the public, it advances the public interest in the integrity of the American currency system, and it has instilled in Mr. Gustafson a respect for law.

Further, the term itself is proportionate, both according to national standards and among Mr. Gustafson's co-defendants.   See United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006) [§3553(a) factor relating to disparate sentences seeks to promote national uniformity in sentencing but does not prohibit a District Court from considering sentencing consistency among co-defendants in the same case].[2]   Intrinsically, the stipulated term punishes Mr. Gustafson more harshly than other defendants involved in this counterfeiting ring, reflecting Mr. Gustafson's leadership role.  Others named in the same indictment received terms of 48 months imprisonment

---

[2]See also United States v. Sevilla, 541 F.3d 226, 232 n.4 (3d Cir. 2008), *overruled on other grounds by* United States v. Flores-Mejia, 541 F.3d 226 (3d Cir. 2014).

(See No. 15-73, Document Nos. 286, 303), 18 months (See No. 15-73, Document No. 216), and five years probation with the first twelve months on home confinement (See No. 15-73, Document Nos. 342, 343, 368).   Yet another defendant received an imprisonment term of 90 months, 36 of which was specifically allocated to offenses relating to this counterfeiting activity.   See PSIR, p. 2.   Twelve of the 36 were specifically allocated for committing them while on supervised for unrelated offenses.   See No. 15-25, Document No. 43.

The sentence achieves national uniformity, as well, Parker, supra.   The U.S. Sentencing Commission reports that in the five fiscal years between 2013 and 2017, courts granted government-sponsored departures not related to substantial assistance in 4-9% of all counterfeiting cases.   See Exhibit F.   The average reduction in length of sentence over the five year time period in those cases was 55.4%, id.   By contrast, substantial assistance reductions during the same time period were 56.4% below the recommended range, on average, and the average reduction in non-government sponsored below range sentences were 53.2%, id. n. 1.   The agreed-upon sentence here is a government-sponsored departure not related to substantial assistance, and the thirty-four month adjustment beneath the low end of Mr. Gustafson's recommended range amounts to a 31.4% reduction, substantially less than the 55% average for government-sponsored departures not related to substantial assistance.

## RECOMMENDATIONS

Defendant respectfully requests that this Court recommend that the U.S. Bureau of Prisons designate him to the minimum security satellite camp adjacent to the low security facility at FCI-Miami, near where his family lives in southern Florida, provided that the designation and classification process warrants this designation.   Mr. Gustafson expects to live there upon release, see PSIR, pp. 2, 13 (¶47), so that such a placement will fall within 500 driving miles of his legal residence, see 18 U.S.C. §3621(b).

Further, Mr. Gustafson continues to seek expedition of his sentencing date, at least in part so that he may be in Bureau of Prisons' custody when the newly-enacted First Step Act's risk assessment tool is implemented, within seven months of the Act's December, 2018 passage, 18 U.S.C. §3632(a).  It is believed that traditional limits on time spent in a halfway facility do not extend to "earned time credits" under the Act, so an inmate with sufficient "earned time credits" may use those credits to be released in advance of either the existing 12 month maximum for halfway programs and/or the existing 6 month maximum for home detention programs, 18 U.S.C. §3624(g). Defendant requests that this Court recommend that the Bureau recognize Mr. Gustafson's efforts at NEOCC [undertaken while obtaining credits toward his complete sentence for time served, 18 U.S.C. §3585(b)], in earning paralegal certificates and in beginning to obtain his undergraduate degree in Religious Studies, as worthy of "earned time" under the new First Step Act.

## **CONCLUSION**

For the reasons above stated, defendant respectfully requests the court to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing as set forth in 18 U.S.C. §3553(a) and consistent with the plea agreement acknowledged in open court on or about March 21, 2019.

Respectfully submitted,

**/s/Patrick M. Livingston**
Patrick M. Livingston
Pa. I.D. No. 44137

220 Grant Street
Fifth Floor
Pittsburgh, Pennsylvania  15219
(412) 281-9971

Attorney for Defendant
Ryan A. Gustafson