IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

UNITED STATES OF AMERICA, ) CASE No.: 16-133
  Plaintiff, ) & 15-73
V. )
 ) JUDGE: Hornak
RYAN GUSTAFSON,
  Defendant. )

## NOTICE OF GUSTAFSON'S TRANSFER INTO HIGH-RISK, HIGH-CUSTODY LEVEL CONFINEMENT

COMES NOW the defendant, above named, who hereby respectfully provides this Honorable Court with his status, insofar as it relates to his pending § 3582 motion before this Court, and avers the hightened urgency of the matter as follows:

1. Insofar as Gustafson understands, on approximately the beginning of August, the CDC lowered its previous 14 day recommendation for quarantine terms, to 10 days.

2. Despite this, Gustafsons' designated halfway house, the "Leidel Sanction Center"

in Houston, TX, has allegedly sought a 21 day quarantine. ~~Despite the~~ Notably, that halfway house has positive COVID-19 cases.

3. On August 14, 2020, Gustafson was suddenly without warning, transfered into a high custody facility which houses inmates with very serious charges and lengthy sentences — and are sick with COVID-19.

4. Gustafson was later informed that he would remain confined under 99% isolation, until his September 9, 2020 halfway house date.

5. It is immediately apparent that the conditions are punitive rather than protective, and contrary to CDC guidance.

6. Incredibly, Gustafson was informed that if he <u>had</u> tested positive for COVID, he would have been transferred directly to the halfway house because CDC guidelines allegedly dictate that those testing positive should not be re-tested for 90 days.

6. Unfortunately Gustafson was not informed why he must remain under punitive conditions for 25 days, as opposed to 10, or even 14. How the halfway house overrules the CDC, etc.

2

7. Furthermore, when Gustafson arrived, he was forced into a contaminated cell that had previously housed a hospitalized COVID-19 victim. The cell contained only bedsheets heavily stained in urine. Gustafson had no alternative but to use these same sheets to escape the cold temperatures maintained in the cells.

8. Gustafson observes guards moving cell to cell often without PPE, touching contaminated items, then delivering food trays, etc. Infected inmates using the same showers and utilities as non-infected. And a shared ventilation system running through every cell.

9. Gustafson observes very sick inmates, people coughing, exhibiting symptoms, no medical staff on duty who address their issues, guards ignoring everyone and everything.

10. Unlike the camp, Gustafson cannot self-avoid the virus/contamination, inmates, guards, etc. Further, in this envirment it is very rare that a guard will take notice and assist you, even to perhaps the point of death. Should Gustafson contract COVID as a result of this ~~reckless~~ high risk environment,

3

it would be highly unlikely he would receive any medical attention. Further, Gustafson has not been provided his thyroid medication, and when he attemps to get the attention of a guard, he is told to "put in a cop out," yet the guard will not supply the form.

11. Gustafson has continuously tested negative for COVID-19, been on quarantine at the Camp since April 1, and a more restrictive quarantine since July 1, 2020. These conditions Gustafson now resides in, place Gustafson at higher risk; and serve no other purpose.

WHEREFORE; Gustafson respectfully requests that should this Honorable court grant compassionate release, that Gustafson be ordered to self-quarantine in Galveston where he has a residence where he can reside alone in. Gustafson further, continues to pray for expeditious processing.

Date: 8-16-20

Respectfully Submitted,
/S/ [signature]
Ryan Gustafson

4